CHARLES MURRAY, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF STERLING, Defendant-Appellee.

Third District No. 3—84—0696

Opinion filed June 11, 1985.

Richard A. Palmer, of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellant.

Kennard J. Besse, of Besse, Frye, Arnold, Brooks & Miller, P.C., of Sterling, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from an administrative action before the board of trustees of the police pension fund of the city of Sterling (defendant), in which the board authorized payment of a regular pension to Charles Murray (plaintiff). The regular pension authorized was based upon $16,155, which the board determined was the "salary attached to the rank" of lieutenant for the one year preceding the date of plaintiff's retirement. Plaintiff filed a complaint for administrative review of the board's decision, alleging that the "salary attached to the rank" of lieutenant should have been based upon the salaries actually paid to the two police lieutenants then serving on the force rather than determining the "salary" from the "compensation schedule" adopted by the city of Sterling. The circuit court of Whiteside County dismissed the complaint for administrative review, and plaintiff appeals.

The sole issue before us on appeal is whether the board erred by authorizing the regular pension based upon the compensation schedule adopted by the city of Sterling. We find that the board did not err in its decision.

Section 3—111 of the Pension Code states in pertinent part:

"Any policeman who has creditable service of 20 years or more and has reached age 50 and who is no longer in the service as a policeman, shall be entitled to a yearly pension equal to ½ of the salary attached to the rank he held on such police force for 1 year immediately prior to his retirement ***." (Ill. Rev. Stat. 1971, ch. 108½, par. 3—111.)

Plaintiff became disabled in 1972 and has been receiving a disability pension pursuant to section 3—114 of the Pension Code (Ill. Rev. Stat. 1971, ch. 108½, par. 3—114) from 1972 to 1983. Plaintiff received $402.07 per month based upon the $804.14 monthly salary

plaintiff received the year before he became disabled. In 1983, plaintiff reached the age of 50 and applied for a regular pension as authorized by section 3—114. The pension board authorized monthly payments of $673.13 based upon the $16,155 from the compensation schedule for the city of Sterling for policemen with the rank of lieutenant.

Plaintiff argues that the "salary attached to the rank" of lieutenant should be based upon actual salaries currently being paid to policemen with the rank of lieutenant in the city of Sterling rather than basing the "salary attached to the rank" upon the compensation schedule. The two lieutenants in active duty in Sterling received approximately $27,000 per year. Plaintiff argues that the board's action is an attempt to freeze benefits at the level in existence in 1972. However, this argument does not take into account the fact that plaintiff's disability pension was based upon a $9,649.88 yearly salary, while the regular pension payments authorized by the board are based upon a $16,155 yearly figure. This increase in base salary reflects an adjustment for the cost of living, but not for merit raises based upon job performance as would be reflected had the board used the actual salary figure of $27,000. Both parties agree that there are no cases on point. Furthermore, the cases cited by plaintiff basically pertain to contributions to the pension fund, which must be based upon actual salary, including merit raises.

We do not find these cases analogous to the case before us, and we agree with defendant that the "salary attached to the rank" of lieutenant, in a case such as this when an officer has been receiving a disability pension for in excess of 10 years, must reflect cost of living increases but should not be based upon salaries of officers in active duty that have received merit increases for job performance over the same period of time.

For the foregoing reasons, we affirm the decision of the circuit court of Whiteside County dismissing the complaint for administrative review.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.